**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JACK ONG,

    Plaintiff,                                    No. 09-04982 EDL

    v.                                          **ORDER TO SHOW CAUSE**

WORLD FINANCIAL SERVICES, INC. et al.,

    Defendants.

_____/

    The Complaint in this matter was filed on October 20, 2010 and an initial case management conference was set for January 26, 2010. On January 25, 2010, Plaintiff's counsel filed a request to continue the case management on the basis that not all parties had been served and located. The request was granted and the case management conference was continued to May 4, 2010. Without explanation, Plaintiff's counsel failed to appear at the May 4, 2010 case management conference, while counsel for several of the defendants did appear. Plaintiff's case management conference statement of April 27, 2010 stated that Plaintiff was "still trying to locate" two of the named defendants, World Financial Services and Yama Marifat, and would make a decision as to whether to serve by publication or dismiss these defendants within 30 days. Due to Plaintiff's counsel's failure to appear, the case management conference was again continued to June 8, 2010.

    Plaintiff's counsel again failed to appear at the June 8, 2010 case management conference. Instead, she arrived at Court approximately one hour late and stated that she left a voice mail message after the conference was set to begin notifying the Court that she was delayed. The Court has searched for any record of this untimely message on both its chambers line and courtroom deputy line, but did not receive any such message. Counsel for several of the defendants did timely appear at the June 8, 2010 case management conference and stated that they have had no recent

contact with Plaintiff's counsel, though Plaintiff's counsel filed an "Updated Joint Case Management Statement" purportedly signed by all counsel on June 4, 2010. Additionally, this case management statement again claims that Plaintiff is "still trying to locate" two of the named defendants, and will make a decision as to whether to serve by publication or dismiss these defendants within 30 days. Therefore it appears that no action was taken with respect to service of these defendants following the April 27, 2010 statement promising to serve or dismiss them within 30 days. With respect to other defendants who have been served, including GMAC, no answer or dismissal has been filed and no default has been taken, though there is some indication that Plaintiff has settled with this party.

In sum, almost eight months have elapsed since the Complaint was filed and Plaintiff's counsel has failed to appear at two Court-ordered case management conferences or to serve, dismiss, or take the default of all named defendants. Accordingly, Plaintiff is ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). No later than June 15, 2010, Plaintiff's counsel shall file a declaration explaining the failure to appear at the two case management conferences and to timely serve, dismiss, or take the default of all named defendants. Failure to file a declaration or to show that the failure to appear and to timely serve, dismiss, or take the default of all named defendants were excusable may result in dismissal of this case.

IT IS SO ORDERED.

Dated: June 10, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge